# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7061 | **DATE** | 8/31/2000 |
| **CASE TITLE** | DALE SCHULTZ, et al vs. UNITED STATES OF AMERICA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Grinnell Mutual Reinsurance Company is entitled to judgment as a matter of law on plaintiffs' claim against it. Accordingly, defendant's motion for summary judgment is granted.
Status hearing set for 9/27/00 at 9:15a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 01 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 43 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 AUG 31 PM 3: 20 | date mailed notice |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALE SCHULTZ and DONALD SCHULTZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE ARMY, UNITED STATES INDUSTRIAL OPERATIONS COMMAND, BILL LONG, MICHAEL QUIGLEY, JOSEPH GRAHAM, ART HOLTZ, HAROLD HOLTZ, GUADALUPE RODRIQUEZ, JERRY WALKER, GRINNELL MUTUAL REINSURANCE COMPANY,<br><br>Defendants. | No. 99 C 7061<br>Paul E. Plunkett, Senior Judge<br><br>DOCKETED<br>SEP 0 1 2000 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dale Schultz and Donald Schultz sue defendants for damage they sustained to their property. Defendant Grinnell Mutual Reinsurance Company ("Grinnell") filed a motion for summary judgment on plaintiffs' claim against it pursuant to Federal Rule of Civil Procedure ("Rule") 56. Plaintiffs failed to respond to Grinnell's motion. For the reasons stated herein, Grinnell's motion is granted.



## Facts

As a preliminary matter, the material facts taken from Grinnell's LR 56.1(a)(3) Statement are deemed admitted by plaintiffs because they failed to respond to Grinnell's statement. See LR 56.1(b)(3)(B) ("All material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party."). While we are required to view the facts in a light most favorable to the non-movant plaintiffs, Karazanos v. Navistar Int'l Transp. Corp., 948 F.2d 332, 335 (7th Cir. 1991), there is no dispute on the material facts presented by Grinnell.

Plaintiffs filed suit against the defendants for alleged property damage and lost profits they suffered because defendants permitted cattle to intrude upon plaintiffs' cattle ranch. In Count I, plaintiffs make a claim against the United States, the Department of the Army, and United States Industrial Operations Command with respect to its management and operation of the Joliet Army Ammunition Plant in Will County, Illinois ("Joliet Army Plant"). (Compl. ¶ 19.) In Count II, plaintiffs allege that the remaining defendants, including Grinnell, "owned, possessed, operated, managed, maintained and controlled and/or had a duty to possess, operate, manage, maintain and control, both directly and indirectly . . . certain premises which included a certain cattle [sic]" located at the Joliet Army Plant. (Id. ¶ 29.) Plaintiffs allege that Grinnell was negligent when it breached these alleged duties and permitted cows to improperly enter plaintiffs' property and failed to remove those cows from that property.[1] (Id. ¶¶ 33, 34(a)-(e).)

---

[1] Our jurisdiction over this claim is pursuant to our supplemental jurisdiction over non-federal claims asserted in conjunction with federal claims. 28 U.S.C. § 1367. Plaintiffs' federal claim is pled in Count I under the Federal Tort Claims Act, 28 U.S.C. § 1346, against the government defendants.

Grinnell does not own, operate, manage, maintain or control, either directly or indirectly, any real property in the vicinity of the Joliet Army Plant. (Def.'s LR 56.1(a)(3) Stmt. ¶ 1; id., Aff. John Kendrick ¶ 4.) Further, it does not own, possess or otherwise control any cattle in the vicinity of the Joliet Army Plant. (Id. ¶ 2; id., Kendrick Aff. ¶ 4.)

## Discussion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying the portions of the record which it believes demonstrate the absence of a genuine issue of material fact and entitle it to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

According to plaintiffs' complaint, Grinnell owed them a duty based on its ownership, management and/or control of certain property at the Joliet Army Plant and the cattle thereon. Plaintiffs assert in its complaint that Grinnell is liable for its alleged negligence under the Illinois Domestic Animals Running at Large Act ("Act"), 510 ILL. COMP. STAT. 55/1 (West 2000). The Act holds owners or keepers of livestock liable for damage caused by livestock running at large. Id. However, it is undisputed that Grinnell did not own, operate, manage, maintain or control any property or cattle in or around the Joliet Army Plant. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 1,2.) As a result, there is no genuine issue as to Grinnell's alleged negligence under the Act because it did not own or keep the property or cattle as alleged by plaintiffs. See Douglass v. Dolan, 286 Ill. App. 3d 181, 185-86, 675 N.E.2d 1012, 1015 (2d Dist. 1997) (there is no duty under the Act to guard against

injuries caused by livestock unless the defendant is the owner or keeper of livestock.) Accordingly, Grinnell owed plaintiffs no duty of care and is entitled to judgment as a matter of law.

## Conclusion

For the reasons stated herein, defendant Grinnell Mutual Reinsurance Company is entitled to judgment as a matter of law on plaintiffs' claim against it. Accordingly, defendant's motion for summary judgment is granted.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 8/31/00