Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7061 | **DATE** | 8/31/2000 |
| **CASE TITLE** | DALE SCHULTZ, et al vs. UNITED STATES OF AMERICA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendant United States of America is not entitled to judgment as a matter of law on plaintiffs' claim against it. Accordingly, defendant's motion to dismiss, which we have converted to a motion for summary judgment, is denied. The United States' request that it be substituted as the proper party defendant for named defendant United States Industrial Operations Command is granted. Defendant United States is ordered to answer plaintiffs' complaint within 20 days of the date of this order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 01 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 AUG 31 PM 3:20 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DALE SCHULTZ and )
DONALD SCHULTZ, )
 )
 )
Plaintiffs, )
 )
v. ) No. 99 C 7061
 ) Paul E. Plunkett, Senior Judge
UNITED STATES OF AMERICA, )
DEPARTMENT OF THE ARMY, )
UNITED STATES INDUSTRIAL )
OPERATIONS COMMAND, )
BILL LONG, MICHAEL QUIGLEY, )
JOSEPH GRAHAM, ART HOLTZ, )
HAROLD HOLTZ, )
GUADALUPE RODRIQUEZ, )
JERRY WALKER, )
GRINNELL MUTUAL )
REINSURANCE COMPANY, )
 )
Defendants. )

DOCKETED
SEP 01 2000

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dale Schultz and Donald Schultz sue defendants for damage they sustained to their property. Defendant United States of America ("United States")[1] moves to dismiss plaintiffs' claim against it under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Under Federal Rule of

---

[1] By Minute Order dated 12/9/99, this Court granted the United States' motion to serve as the proper party defendant in lieu of Art Holtz and the Department of the Army. By order today, we grant United States' request to substitute it as a proper party defendant for the United States Industrial Operations Command, a federal agency. (See Def.'s Mot. to Dismiss at 1, n.1.) We lack subject matter jurisdiction over this party because, as an agency, it may not be sued in its own name pursuant to 28 U.S.C. § 2679(a).

Civil Procedure ("Rule") 12(b), we convert this motion into a motion for summary judgment under Rule 56(c) because the parties submit and rely on evidence outside the pleadings. For the reasons stated herein, the United States' motion for summary judgment is denied.

## Facts

As a preliminary matter, the United States' motion to dismiss was converted to one for summary judgment under Rule 12(b). While the parties were given an opportunity to and did supplement their papers with evidence outside the pleadings (see 4/5/00 Minute Order), the parties did not file fact statements as usually required under LR 56.1. Pursuant to one of the core summary judgment standards, we shall view the evidence before us in a light most favorable to the non-movant plaintiffs. Karazanos v. Navistar Int'l Transp. Corp., 948 F.2d 332, 335 (7th Cir. 1991).

Plaintiffs filed suit against all of the defendants to recover for property damage and lost profits they suffered because defendants allegedly permitted cattle to intrude upon plaintiffs' cattle ranch. In Count I, plaintiffs assert a claim against the United States under the FTCA with respect to its management and operation of the Joliet Army Ammunition Plant in Will County, Illinois ("Joliet Army Plant"). (Compl. ¶ 19.) Specifically, they allege that the United States "owned, possessed, operated, managed, maintained and controlled and/or had a duty to possess, operate, manage, maintain and control, both directly and indirectly . . . certain premises which included a certain cattle [sic]" located at the Joliet Army Plant. (Id.) Plaintiffs claim the United States had a duty to exercise reasonable care in the ownership and control of its property and cattle on its property, and its negligent failure to do so resulted damage to plaintiffs' property. (Id. ¶¶ 23, 24(a)-

(e).)[2]

The United States does not own any cattle on or around the Joliet Army Plant. (Def.'s May 3, 2000 Letter Supp. to Mot. to Dismiss, Ex. D, Patricia L. Muzzarelli Aff. ¶ 2; Def.'s Mot. to Dismiss, Michael G. Barter Aff. ¶ 3, Lloyd A. Foe Aff. ¶ 3.) However, it owns the property on and around the Joliet Army Plant. (Def.'s Mot. to Dismiss, Barter Aff. ¶ 3; id., Foe Aff. ¶ 3.) In fact, it leases some of this property to plaintiffs and others for various agricultural purposes, including the grazing of animals. (Def.'s May 3, 2000 Letter Supp. to Mot. to Dismiss, Ex. A, Lease For Agricultural or Grazing Purposes Located on Joliet Army Ammunition Plant, Illinois ("Grazing Lease"); id., Ex. B, Dan A. Yelch Aff.) The Grazing Lease addresses the situation of straying cattle in its Land Use Regulations provisions: "Damage resulting from straying cattle will be the responsibility of the lessee from whose tract the cattle strayed." (Id., Ex. A, Grazing Lease, Land Use Regulations at 7, III(H).) It further states that "[e]ach grazing lessee is responsible for containing the livestock on his tract. Failure to do so will result in recommendation for cancellation." (Id. at 7, III(I).) The lease also gives the United States, as landowner, the power to supervise and regulate the leased property: "The use and occupation of the premises shall be subject to the general supervision and approval of the . . . [officer of the Joliet Army Plant], . . . and to such rules and regulations as may be prescribed from time to time by said officer." (Id., Ex. A, Grazing Lease at 2-3.)

---

[2] In Count II, plaintiffs allege that the remaining defendants were negligent under the Illinois Domestic Animals Running at Large Act, 510 ILL. COMP. STAT. 55/1 (West 2000), based on these defendants' ownership or control of the property and/or cattle located at the Joliet Army Plant. (Compl. ¶¶ 29, 32, 34.) Our jurisdiction over this count is pursuant to our supplemental jurisdiction over non-federal claims asserted in conjunction with federal claims. 28 U.S.C. § 1367.

The alleged damage at issue in plaintiffs' complaint occurred to plaintiffs' property on or around July 1996 when cattle belonging to another were placed in plaintiffs' fenced pasture. (Pls.' Am. Resp., Ex. 1, Dale Schultz Aff. ¶ 3.) At that time, this pasture was located on the Joliet Army Plant and leased to plaintiffs by the United States. (Id., Ex. 1, Schultz Aff. ¶¶ 2, 3, 8.) A United States employee, Patricia Muzzarelli, directed that stray cattle not belonging to the plaintiffs be placed on plaintiffs' leased pasture. (Def.'s May 3, 2000 Letter Supp. to Mot. to Dismiss, Ex. B, Yelch Aff. at 3.) For several months thereafter, plaintiff Dale Schultz asked the United States for permission to remove the stray cattle from plaintiffs' leased pasture. (Pls.' Am. Resp., Ex. 1, Schultz Aff. ¶ 6.) He was told by various United States' employees, including Dan A. Yelch, Realty Specialist of the U.S. Army Corps, that plaintiffs were not permitted to remove the stray cattle from their leased pasture. (Id., Ex. 1, Schultz Aff. ¶ 6.)

## Discussion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying the portions of the record which it believes demonstrate the absence of a genuine issue of material fact and entitle it to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Although plaintiffs sue the United States under the FTCA, we must determine the liability of this defendant "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In this case, Illinois substantive law applies because the events occurred in

Will County, Illinois. In Illinois, negligence actions for stray domestic livestock like the cattle in this case fall under the Illinois Domestic Animals Running at Large Act ("Act"), 510 ILL. COMP. STAT. 55/1 (West 2000). See Smith v. Gleason, 152 Ill. App. 3d 346, 348, 504 N.E.2d 240, 241 (2d Dist. 1987) (citing Heyen v. Willis, 94 Ill. App. 2d 290, 296, 236 N.E.2d 580, 583 (4th Dist. 1968)). Illinois courts have refused to create a common law cause of action for damage caused by domestic livestock. See, e.g., Smith, 152 Ill. App. 3d at 349-50, 504 N.E.2d at 241-42. As a result, plaintiffs must demonstrate that the Act applies to the United States.

The Act holds owners or keepers of livestock liable for damage caused by livestock running at large. Id. However, the Act does not apply to a landowner or landlord who does not own or keep the livestock that caused the damage or injury. See Douglass v. Dolan, 286 Ill. App. 3d 181, 185-86, 675 N.E.2d 1012, 1015 (2d Dist. 1997) (landowner has no duty under the Act or common law to guard against injuries caused by livestock escaped from landowner's property unless landowner is the owner or keeper of livestock); Smith, 152 Ill. App. 3d at 349-50, 504 N.E.2d at 242 (unwilling to extend liability to a landlord where plain reading of the statute limits liability to an owner or keeper of the animal); Heyen, 94 Ill. App. 2d at 296, 236 N.E.2d at 584 ("duty to use care to prevent . . . damage from estrays, . . . lies not in the place where the animals may be kept but in their propensity to roam, their wanderlust").

The United States argues that the Act does not apply to it because it was not an owner or keeper of the stray cattle that allegedly caused damage to plaintiffs' property. The Act defines "owner" as "any person who (a) has a right of property in an animal, (b) keeps or harbors an animal, (c) has an animal in his care, or (d) acts as custodian of an animal." 510 ILL. COMP. STAT. 55/1.1. While the Act does not define "keeper," Illinois case law has defined it as implying some sort of

management, custody, care or control over an animal. See Heyen, 94 Ill. App. 2d at 293, 236 N.E.2d at 582; see also Steinberg v. Petta, 114 Ill. 2d 496, 501-02, 501 N.E.2d 1263, 1266 (1986) (citing with approval the Heyen court's definition of "keeper"). Plaintiffs argue that the United States was a "keeper" of the stray cattle on its pasture because it did exercise management, custody, care or control over the livestock. (Pls.' Supp. Resp. at 2-3.) We agree.

According to the affidavits of Yelch and Schultz, the United States ordered the stray cattle to be placed on to Schultz's pasture and to remain there for several months. (Def.'s May 3, 2000 Letter Supp. to Mot. to Dismiss, Ex. B, Yelch Aff. at 3; Pls.' Am. Resp., Ex. 1, Schultz Aff. ¶ 6.) It clearly managed and controlled the livestock by placing the cattle on plaintiffs' pasture and requiring plaintiffs to keep them there. The United States argues that these actions do not demonstrate that it was a keeper of the livestock under the Act. It asserts that plaintiffs' lease with the United States "requires that tenants keep their cattle on their own land tracts," and the removal of the cattle from plaintiffs' tract would have only placed them on another tenants' land, "violat[ing] the lease." (Def.'s Am. Reply at 3, n.1.) This argument is difficult to follow; plaintiffs were not owners or keepers of the stray cattle placed and held on their pasture by the United States (Pls.' Am. Resp., Ex. 1, Schultz Aff. ¶ 3), and the United States has not pointed to any provision of the Grazing Lease that required plaintiffs to keep cattle that were not their own on the leased pasture. The United States also argues that the Act provides immunity for landowners who cause stray animals to be impounded. 510 ILL. COMP. STAT. 55/1.2. However, United States has not argued or shown that it had impounded the cattle. (See Def.'s Am. Reply at 3-4.) Even if it takes the position that it "impounded" the stray cattle on plaintiffs' property, it has not shown it had authority to do so under the Grazing Lease or that it complied with the Act's requirement that it "impound[] at a facility

capable of restraining such livestock. . . . [and that] a notice of impoundment shall be delivered to the owner of such livestock in person or by certified mail." 510 ILL. COMP. STAT. 55/1.2. Accordingly, based on the evidence before us and viewing it in the light most favorable to plaintiffs, there is a genuine issue of material fact as to whether the United States was a "keeper" of cattle under the Act. As a result, the United States is not entitled to judgment as a matter of law.

## Conclusion

For the reasons stated herein, defendant United States of America is not entitled to judgment as a matter of law on plaintiffs' claim against it. Accordingly, defendant's motion to dismiss, which we have converted to a motion for summary judgment, is denied. The United States' request that it be substituted as the proper party defendant for named defendant United States Industrial Operations Command is granted. Defendant United States is ordered to answer plaintiffs' complaint within 20 days of the date of this order.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: 8/31/00